IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MADELINE ANNA POHL | * | |
| | * | |
| v. | * | Civil Case No. RDB-14-3206 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

*************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered both parties' dispositive motions, and Ms. Pohl's reply. [ECF Nos. 14, 15, 16]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that Ms. Pohl's motion be denied, that the Commissioner's motion be granted, and that the Commissioner's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Pohl filed an application for Disability Insurance Benefits ("DIB") on March 2, 2011, alleging a disability onset date of June 2, 2004. (Tr. 276-79). Ms. Pohl's date last insured was December 31, 2009, so she had to establish disability between June 2, 2004 and her date last insured. (Tr. 13). Her application was denied initially and on reconsideration. (Tr. 199-203, 206-10). An Administrative Law Judge ("ALJ") held a hearing on June 11, 2013. (Tr. 167-98). Following the hearing, the ALJ determined that Ms. Pohl was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-26). The Appeals Council denied

Ms. Pohl's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that, during the relevant period, Ms. Pohl suffered from the severe impairments of degenerative disc disease of the lumbar spine, obesity, mood disorder, and somatoform pain disorder. (Tr. 13). Despite these impairments, the ALJ determined that Ms. Pohl retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except the claimant could not climb ladders, ropes and scaffolds, but could occasional (sic) climb ramps and stairs; the claimant could occasionally balance, stoop, kneel, crouch, and crawl; the claimant could have only rare exposure (defined as 10% or less) to heights and hazards; and the claimant was limited to simple, routine, unskilled work.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Pohl could perform jobs existing in significant numbers in the national economy, including the light jobs of non-postal mail clerk, general office helper, and router. (Tr. 25). Therefore, the ALJ concluded, Ms. Pohl was not disabled. *Id.*

Ms. Pohl disagrees. She raises two primary arguments on appeal: (1) that the ALJ provided an insufficient explanation to justify an RFC assessment that she could perform a restricted range of light work; and (2) that the ALJ erred in assigning weight to the opinions of medical sources. Each argument lacks merit.

Ms. Pohl first contends that the ALJ did not provide a "logical bridge" between his assessment of the evidence and the requirements of light work. Pl. Mot. 10-17. However, the ALJ provided a thorough analysis of the entire record. Specifically, in formulating the RFC assessment, the ALJ relied upon the activities of daily living Ms. Pohl reported to her doctors during the relevant time period (including taking her daughter to and from school, shopping, vacationing, reading, walking daily, computer use, and vocational training), the relatively mild findings during clinical examinations (including regular findings of normal gait, normal motor

strength, and intact sensation), the relatively mild results on objective radiologic testing (including descriptions such as "mild," "minimal," and "small,"), and the results of an examination by Dr. Stanley Friedler, M.D., who found that he was unable to correlate Ms. Pohl's subjective complaints with objective physical findings. (Tr. 15-24). The ALJ in fact assigned "partial weight" and "only moderate weight" to various medical sources who believed Ms. Pohl to have a *greater* RFC than the restricted range of light work eventually determined by the ALJ. (Tr. 17, 20). In light of the existence of those medical opinions, it is clear that the ALJ had substantial evidence to support his more restrictive findings. Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's extensive analysis in this case provides ample basis for that finding.

     Ms. Pohl further argues that the ALJ did not assign sufficient weight to the opinions of an examining physician, Dr. Sellman. Pl. Mot. 11-13. Dr. Sellman saw Ms. Pohl on two occasions for the purpose of evaluation relating to her worker's compensation claim. (Tr. 668-73). During the first visit, November 18, 2004, Dr. Sellman noted lower lumbar spinal tenderness to palpation and a positive straight leg raise test. (Tr. 669). Dr. Sellman opined that he would place Ms. Pohl "in a sedentary job" where she "should work at a desk" and "lift no more than fifteen pounds on a regular basis." *Id.* He further opined that the restrictions should be in effect for three months, and that if she remained symptomatic, she should be reexamined. *Id.* On May 12, 2005, Dr. Sellman evaluated Ms. Pohl for a second time, noting that she believed she was getting worse. (Tr. 671). His examination notes reflected that she again had lumbar tenderness to palpation, reduced range of motion, inability to rise from a squatted position due to pain, and reduced leg strength "due to pain, which improved with encouragement." (Tr. 671). Dr.

Sellman opined that Ms. Pohl could "return back to work performing a light duty job," which he defined as sitting at a desk and lifting no more than ten pounds on a regular basis. (Tr. 672).

The ALJ fully considered, and assigned "moderate weight" to, both of Dr. Sellman's opinions. (Tr. 18-19). Specifically, the ALJ determined that the suggestion that Ms. Pohl be limited to sedentary work was "extremely cautious" considering the "limited abnormal findings both upon physical and radiological examination." (Tr. 18). The ALJ further relied upon Dr. Sellman's note that Ms. Pohl's apparent reduced leg strength due to pain had been "improved with encouragement," suggesting that other limitations due to pain may be questionable as a matter of credibility. (Tr. 19). It is worth noting that it does not appear that Dr. Sellman's descriptions of "sedentary job" or "light work" correspond with the definitions used by the Social Security Administration. For example, Dr. Sellman's description of a "sedentary job" allowed "lifting no more than fifteen pounds on a regular basis" (Tr. 669) while the Social Security Administration defines sedentary jobs as "lifting no more than 10 pounds at a time." *See* SSR 83-10. Thus, the ALJ properly did not rely on Dr. Sellman's proposed exertional levels in determining Ms. Pohl's RFC. Ultimately, in light of the ALJ's detailed rationale for his assessment of Dr. Sellman's opinions, and the other evidence cited above to support an RFC assessment of a reduced range of light work, remand is unwarranted.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. The Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 14];

2. the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 15];

3. the Court AFFIRM the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g); and

4. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  October 16, 2015                                         /s/                                 
                                                                                Stephanie A. Gallagher
                                                                                United States Magistrate Judge